**SULAIMAN LAW GROUP, LTD.**
Bobby C. Walker (State Bar No. 321788)
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
Telephone: (630) 575-8181 Ext. 149
Facsimile: (630) 575-8188
bwalker@sulaimanlaw.com
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ERICA S. DIGGS,<br><br>         Plaintiff,<br><br>   v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>         Defendant. | Case No. 8:22-cv-02091-DOC-JDE<br><br>**AMENDED JOINT FRCP 26(f) REPORT**<br><br>Date:  February 21, 2022<br>Time:  8:30 A.M.<br>Place: Courtroom 10A<br>411 West Fourth Street<br>Santa Ana, California 92701 |

Pursuant to the Court's Order, Plaintiff, ERICA S. DIGGS ("Plaintiff"), and Defendant, EXPERIAN INFORMATION SOLUTIONS, INC. ("Defendant") submit the following Amended Joint Rule 26(f) Report:

**1.    Statement of the case:**

   **(a)    Plaintiff's Statement**

Plaintiff alleges that Defendant violated the Fair Credit Reporting Act ("FCRA") by failing to reasonably investigate, including failing to review and consider all relevant information in, Plaintiff's written credit dispute(s) within 30 days of Plaintiff's dispute(s) and continued to report inaccurate information related to the

1

subject debt on Plaintiff's credit report(s), including reporting the disputed information without certification from the furnisher of the same and without sending notice of the re-reporting to Plaintiff. Further, Plaintiff alleges that Defendant failed to follow reasonable procedures in preparing a consumer report and failing to notify the furnisher of information of Plaintiff's dispute, including providing all relevant information. Moreover, Defendant failed to delete or modify the inaccurate information that was the subject of the dispute.

**(b)     Defendant's Statement**

Defendant Experian:

Experian is a "consumer reporting agency" as that term is defined by the federal Fair Credit Reporting Act ("FCRA"), 15, U.S.C. § 1681 *et seq*.  Experian essentially functions as a storehouse of credit information concerning hundreds of millions of consumers nationwide, collecting and storing credit information originated by others. Experian does not generate credit information itself, nor does it make loans, decide who should receive credit, or set loan terms.

The FCRA is not a strict liability statute and does not require Experian to maintain error free credit reporting.  Rather, Experian must maintain and follow reasonable procedures to assure the maximum possible accuracy of the information it reports on consumers.  In recognizing that no credit reporting system can be error free, Congress specifically provided consumers with the ability to contact credit reporting agencies to dispute information appearing on their credit disclosures.  The FCRA requires consumer reporting agencies to timely reinvestigate if a consumer disputes information on his or her credit report.

At all times relevant to this case, Experian maintained and followed reasonable procedures to assure maximum possible accuracy with respect to the information contained in Plaintiff's credit file.  At all times, Experian acted in good faith and without malice or intent to injure Plaintiff, and did not act negligently.  Accordingly,

Experian has no liability in this case under the FCRA, and denies all liability to Plaintiff for any alleged damages.

**2.      Synopsis of Principle Issues:**

Whether the Defendant has violated the FCRA by failing to reasonably investigate Plaintiff's written dispute(s) and continuing to report inaccurate information on Plaintiff's credit report.

Experian: Experian believes that the principal issues in this case are (1) whether Plaintiff has sufficiently stated any plausible claims for relief against Experian; (2) whether Experian employed reasonable procedures to assure the maximum possible accuracy of the information on any credit reports about Plaintiff, which it maintains it did; and (3) whether Plaintiff's alleged damages, if any, can be attributed to Experian.

**3.      Addition of Parties/Amendment of Pleadings:**

**(a)     Plaintiff:** At this time, Plaintiff does anticipate adding parties or further amending the operative complaint. Hoe

**(b)     Defendant:**

Experian: Experian does not anticipate filing any motions to add claims, parties or amend pleadings, but reserves the right to do so.

**4.      Issues Which May Be Determined by Motion:**

**(a)     Plaintiff:** At this, Plaintiff is not aware of any issues which require to be determined by motion in this matter.

**(b)     Defendant:**

Experian**:** Experian does not anticipate filing any motions to add claims, parties or amend pleadings, but reserves the right to do so. Experian anticipates filing a motion for summary judgment, in whole or in part, depending on the information obtained in discovery. Experian further anticipates filing motions in limine and filing a motion to compel the production of Plaintiff's settlement agreement with Williams, Rush, &

Associates, LLC.

5. **Settlement Discussion:**

    (a) **Plaintiff:** On December 13, 2022, Plaintiff sent Defendant a settlement offer to settle this matter for $12,700.00. Plaintiff has not received a response to this email. Plaintiff would like to hold a settlement conference before the magistrate judge in this case.

    (b) **Defendant:**

Experian: Plaintiff sent Experian an initial settlement demand of $12,700. Experian has been unable to respond to Plaintiff's settlement demand, because Plaintiff has not provided Experian with the alleged settlement agreement between Plaintiff and the furnisher (Williams, Rush, & Associates, LLC), which is necessary to engage in meaningful settlement discussions. Experian requests ADR Procedure No. 2 (Court's Mediation Panel).

6. **Discovery Plan:**

    (a) **Plaintiff**: Plaintiff anticipates written and oral discovery regarding the Defendant's policies and procedures related to credit reporting, investigation conducted by Defendant in response to Plaintiff's dispute, information Defendant exchanged with the originator of the subject debt, etc. Plaintiff may also conduct third-party discovery to the originator of the debt at issue. The parties do not anticipate any changes in the disclosures required by Rule 26(a). The number of interrogatories, requests for admissions, and requests for production of documents, as well as number and length of depositions, shall be as set forth in the Federal Rules of Civil Procedure. The parties do not anticipate any issues with Electronically Stored Information ("ESI"). If any ESI is exchange .pdf will be the default format (where applicable) unless native format is requested.

    (b) **Defendant:**

Experian does not believe that discovery needs to be conducted in phases and agrees to abide by the limitations on discovery set forth in the Federal Rules of Civil Procedure. Experian anticipates that discovery will focus on the Williams, Rush, & Associates' account at issue, the nature and scope of Plaintiff's disputes with Experian and the furnisher, the nature of the investigations conducted by Experian, the validity of the alleged settlement agreement between Plaintiff and the furnisher, and Plaintiff's alleged damages. Experian intends to propound interrogatories, document requests, and requests for admissions. Following completion of written discovery, Experian anticipates taking Plaintiff's deposition and the deposition(s) of any relevant third-party witnesses, including as to Plaintiff's alleged damages including, but not limited to, any creditor who Plaintiff alleges denied her credit or otherwise injured her purportedly due to the disputed credit information.

**7.     Trial:**

**(a)     Plaintiff:** When Plaintiff filed her Complaint, she requested a jury trial which she anticipates will last two (2) days.

**(b)     Defendant:** Plaintiff has requested a jury trial. Experian requests a bench trial and estimates 3-4 days are needed for trial.

8.     Other Issues

(a) **Plaintiff**: Plaintiff is not aware of any other issues affecting the status of management of this Plaintiff. Plaintiff propose the following dates

Experian: Experian anticipates that this action may require the production of confidential, trade secret, and/or commercially sensitive information.  If so, Experian anticipates that the parties will submit a Stipulated Protective Order. As stated-above, Experian anticipates filing a motion to compel the production of Plaintiff's settlement agreement with Williams, Rush, & Associates, LLC

9. Proposed Dates

| | | |
|---|---|---|
| 1. | Discovery cutoff date: | October 7, 2023 |
| 2. | Final motion cutoff date: | November 28, 2023 |
| 3. | Final Pretrial Conference Date: | January 22, 2024 |
| 4. | Trial Date | March 5, 2024 |

DATED: February 9, 2023        Respectfully submitted,

/s/ *Bobby C. Walker*
Bobby C. Walker
California Bar No. 321788
*Counsel for Plaintiff*
2500 S. Highland Ave., Suite 200
Lombard, Illinois 60148
Phone: (630) 575-8181
bwalker@sulaimanlaw.com

DATED: February 9, 2023        Respectfully submitted,

/s/ *Kia Harper-Gopaul*
Kia Harper-Gopaul
*Counsel for Defendant*
Jones Day
3161 Michelson Drive, Suite 800
Irvine, California 92612

| | |
|---|---|
| 1 | Phone: (949) 851-3939 |
| 2 | Fax: (949) 553-7539 |
| | kharpergopaul@jonesday.com |